# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CAMPMED CASUALTY & INDEMNITY COMPANY, INC. § § § § v. § § SPECIALISTS ON CALL, INC., § LEONARD DASILVA, M.D.; LINDA § BANK, and TOMMIE BANK § | Civil Action No. 4:16-CV-00452 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Original Complaint (Dkt. #41). After reviewing the relevant pleadings, the Court grants Plaintiff's motion.

### BACKGROUND

This is an insurance coverage dispute related to whether Campmed Casualty & Indemnity Company Inc. ("Campmed") is obligated to defend Specialists on Call ("SOC") in the underlying litigation filed by Linda and Tommie Bank. On December 19, 2016, Campmed filed its motion for leave to amend its complaint (Dkt. #41). On December 28, 2016, SOC filed a response (Dkt. #44). On January 2, 2017, Dr. Leonard DaSilva ("DaSilva") filed a response that adopted and incorporated the entirety of SOC's response (Dkt. #46). On January 6, 2017, Campmed filed a reply (Dkt. #50).

### LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a responsive pleading is

served, a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . .. undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

## ANALYSIS

Campmed seeks to leave to amend its original complaint to add the following allegations:

14.  SOC's and DaSilva's counterclaims in this action (Doc. 12 and Doc. 19) claim that if SOC had known Campmed would challenge coverage based on SOC having received the Banks' claim after the Campmed policy period had expired, SOC would have purchased an Extended Reported Period tail-coverage endorsement under the policy, and thus Campmed should be estopped to assert lack of coverage under the policy. (See Doc. 12, ¶ 36 and 37; Doc. 19, ¶¶ 37 and 38). In response to the counterclaims, Campmed has re-offered the tail coverage to SOC on the same terms that were available (and in fact offered) to SOC when SOC and DaSilva claim that SOC would have purchased the tail coverage endorsement. See attached Exhibit 1. SOC has so far declined Campmed's re-offer of the tail coverage endorsement.

15.  Because SOC told Campmed that the Banks' claim "was made" during the policy period when in fact it was not, Campmed did not know that coverage was precluded. Now that all parties to this action and the underlying suit know the claim was in fact made after the Campmed policy had expired, SOC should have to pay for the tail coverage that it seeks. SOC is not entitled to free coverage, and failing to pay for the required tail coverage endorsement will leave SOC—and Dr. DaSilva—without insurance coverage for the Banks' claim and suit.

(Dkt. #41 at ¶¶ 14–15). SOC and Dr. DaSilva (collectively, "Defendants") respond that Campmed's motion for leave should be precluded for introducing allegations that are inadmissible under Rule 408 of the Federal Rules of Evidence.

The Court finds that Rule 408 is not an appropriate reason to deny Campmed's proposed amended complaint. Rule 408 is a rule of evidence governing the admissibility of settlement discussions as evidence at trial. Fed. R. Evid. 408. Specifically, Rule 408 states that "conduct or a statement made during compromise negotiations about [a disputed] claim" is not admissible "to prove or disprove the validity or amount of [the] claim." *Id.* The Court is unable to determine whether Campmed's extension of tail coverage to SOC actually constituted a settlement offer. And even if the allegations were made during settlement negotiations, Rule 408 is a rule governing the admission of evidence in court and not a rule of pleading. Disputes over Rule 408 should be resolved as evidentiary matters with motions *in limine* rather than opposing an amended complaint. Campmed has not implicated Rule 408 by offering the statements into evidence, and the Court will not use a rule of evidence to bar preemptively Campmed's first amended complaint. Since the Federal Rules instruct leave to amend to be freely given when justice so requires, the Court determines such leave is proper in this case.

## CONCLUSION

Therefore, Campmed Casualty & Indemnity Company Inc.'s Motion for Leave to File First Amended Original Complaint (Dkt. #41) is **GRANTED**.

**IT IS SO ORDERED**.
**SIGNED this 1st day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE